UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO BARRIOS-COTA,<br>A# 028791625,<br><br>                    Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, Warden.,<br><br>                    Respondent. | Case No.: 23cv2185-LL-AHG<br><br>**ORDER DISMISSING PETITION AND CLOSING CASE** |

On November 28, 2023, Petitioner Jose Antonio Barrios-Cota filed a Petition for a Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241. ECF No. 1.[1]

Petitioner challenges his prolonged immigration detention following an order of removal. ECF No. 1. Petitioner alleges that he has been held in immigration custody by the United States Department of Homeland Security's Immigration and Customs Enforcement division ("ICE") since December 5, 2022. *Id.* at 2. Petitioner seeks a bond hearing before an immigration judge or for "the Attorney General or ICE [to] set a 'bond' so that Petitioner can advocate for himself," return to immigration court, "and have a fair Immigration trial." *Id.* at 13.

---

[1] Pin citations refer to the CM/ECF page numbers electronically stamped at the top of each page that is filed on the docket.

1

On July 8, 2024, the Court ordered Respondent to file a response to the Petition by August 7, 2024 and include any documents relevant to the determination of the issues raised in the Petition. ECF No. 5 at 2. The Court also stated that Petitioner could file an optional reply by September 6, 2024. *Id.*

On July 22, 2024, Respondent filed a Return in Opposition to Petition for Writ of Habeas Corpus ("Return") and attached copies of the orders and documents referenced in the Return. ECF No. 6. In the Return, Respondent stated that on March 21, 2024, an immigration judge found Petitioner inadmissible, denied all applications for relief, and ordered him removed to Mexico. *Id.* at 2; ECF No. 6-1 at 7–10. This removal order became final on July 11, 2024. ECF No. 6 at 2; ECF No. 6-1 at 11–13. Respondent stated that on July 15, 2024, Petitioner's removal order was executed when he was removed from the United States to Mexico. ECF No. 6 at 2; ECF No. 6-1 at 14–15.

The Court finds that Petitioner's action is now moot. When Petitioner filed his habeas petition, he sought a bond hearing or for the government to "set a 'bond' so that Petitioner can advocate for himself." ECF No. 1 at 13. His Petition does not challenge his conviction. Now that Petitioner has been removed from the United States and is no longer in ICE custody, the Court is without power to grant the relief requested and the Petition is therefore moot. *Picrin-Peron v. Rison*, 930 F.2d 773, 775 (9th Cir. 1991) (citation omitted) ("If it appears that we are without power to grant the relief requested, then this case is moot."); *see also Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (noting that a petition can become moot if it no longer presents a case or controversy under Article III, § 2, of the Constitution by reason of lacking an actual injury traceable to a defendant that

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1  is capable of being redressed by a favorable judicial decision). Accordingly, the Court
2  **DISMISSES** the Petition **as moot**. The Clerk of Court is **DIRECTED** to close this case.
3      **IT IS SO ORDERED**.
4  Dated: October 11, 2024

Honorable Linda Lopez
United States District Judge